IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. LILLEY, JR., <br><br> Plaintiff <br><br> v. <br><br> ASSISTANT DA ELIZABETH HIRZ, CHIEF JUDGE MARK HORNAK, and ATTORNEY OBERLANDER, <br><br> Defendants. | Case No. 1:21-CV-360 <br><br> SUSAN PARADISE BAXTER <br> UNITED STATES DISTRICT JUDGE |

## MEMORANDUM OPINION

### I. Plaintiff's Motion for Leave to Proceed in forma pauperis

Plaintiff John Lilley filed a motion seeking leave to proceed in forma pauperis [ECF No. 1] along with a proposed original complaint on December 27, 2021. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

### II. Standard of Review

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

### III. Discussion and Review of Plaintiff's Filings

Plaintiff, a pro se litigant, filed this action on December 27, 2021.[1] The factual allegations read as follows:

> The legal police action breached the civil rights of a person as a public policy civilian. 14 police arrests that applied nolle prosequi as valid illegal formal arraignment and bail arraignment and hold for court for Defendant John Lilley for years of 2003-2021. Nolle Prosequi. Police Arrest Nolle Prosequi. Bail Arraignment. Evidence is omitted as a tenant at will. Pain/suffer civil rights.

ECF No. 1-1, page 4. As relief, Plaintiff seeks monetary damages in the amount of $1,000,000,000,000,000,000,000,000.

Plaintiff made four other filings with this Court on December 28, 2021. All of them read as amended or supplemental complaints.[2] In the first filing, Plaintiff states:

> Elizabeth Hirz granted me Court leave from Judge Brabender on April 10th 2018. Defendant Oberlander dismissed me with an involuntary plea agreement on 4/27/2004, Sept of 2016 and July of 2015. Chief Judges decision has only budgeted me ACT 84 cost in 2009.
>
> Chief Judge and Federal Prosecution along with Asst. DA Elizabeth Hirz have accused me of breaking the law 15 times this year with no proof or prosecution so I sued them validly and have not received relief since May 7, 2021 when they [sic] fail to prosecute court order began to dismiss me too for guilt.

---

[1] Plaintiff is a frequent filer in this Court having filed more than twenty cases in the last seven months. All of the filings in Plaintiff's other cases suffer from deficiencies similar to those detailed herein. Mr. Lilley is the subject of a Vexatious Litigant Order in Civil Action Number 1:22-cv-1. This case was filed prior to the entry of the Vexatious Litigant Order.

[2] Generally, an amended complaint "is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *See Williams v. Ferdarko*, 2018 WL 3653272, at *1 n.1 (W.D. Pa. Aug. 1, 2018). Because Mr. Lilley is a pro se litigant, this Court has liberally construed all of his filings and examined them together.

ECF No. 3.

    Plaintiff's second filing reads:

> I was accused of 15 valid civil law suits that explain 15 valid illegal police arrest processes for 15 Nolle Prosequi police arrests from the years of 2003 to 2021 as of May 7 complaint IRS breach of contract budget prosecution litigation uses Prison Reform Act and Crime Victim Fund Act 84 to still find me guilt beyond fail to prosecute and furthermore against all Defendants I find this to be malicious, frivolous, tortious, and futility by the EPD and Court of Common Pleas of Erie County. There has been no evidence or exhibit of evidence during any police arrest or false imprisonment. Only a complaint by arrest officers and a police report by arrest officers/ a bail arraignment cannot prosecute me. a court leave discharge cannot prosecute me. a formal arraignment cannot prosecute me. An arrest date cannot prosecute me. A complaint date cannot prosecute me. A offense date cannot prosecute me. A valid IRS Act 84, Prisoners Litigation Reform Act, or PSP Commission budget cannot prosecute me.

ECF No. 4.

    In his next filing, Plaintiff says:

> On December 3rd 2015 I became a victim of the Court according to Civil Procedure 1-86 rules as a rule 85 effective date December 1st 2015. When I wasn't discharged from this valid lawsuit on 5/7/2021. Miss Hirz uses the Commonwealth budget to afford me no discharge at default [illegible].

ECF No. 5.

    Plaintiff's last filing reads:

> From: 15 IRS valid arrest complaints budgeted against John Lilley 2021 resulting in no EJ-150 termination to the plaintiff against all 15 defendants and PSP Colonel Commissioner Evanchik to Bob Casey for no writ execute discharge fail to answer discharge 21 and 60 days. Fail to respond Hornak 36 and 20 for 10 day relief.

ECF No. 6.

    Even if Plaintiff's statements are construed together as allegations across all his filings, this case fails to state a claim upon which relief can be granted.

    Because he is seeking monetary damages for an alleged violation of his constitutional rights, Plaintiff's claims arise pursuant to 42 U.S.C. § 1983. To state such a claim, Plaintiff must

allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (internal citation omitted).

Plaintiff has failed to identify any viable Defendant. Although Plaintiff has failed to plead the personal involvement of each named Defendant,[3] each Defendant will be examined individually.

*Assistant District Attorney Elizabeth Hirz*

Because Plaintiff seeks an award of monetary damages from Assistant District Attorney Hirz, his claims are barred by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Walker v. City of Philadelphia*, 436 Fed. App'x 61, 62 (3d Cir. 2011) (per curiam); *Kulwicki v. Dawson*, 969 F.2d 1454, 1463–64 (3d Cir. 1992). Under the circumstances presented, these claims against Hirz are clearly based on an indisputably meritless legal theory and thus will be dismissed as legally frivolous. *See Newton v. City of Wilmington*, 206 F. Supp. 3d 947, 954 (D. Del. 2016) (dismissing damages claims against prosecutors as frivolous); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992) (same).

*United States District Judge Mark Hornak*

Although not specifically identified as such by the Plaintiff, Judge Mark Hornak is the Chief Judge of the U.S. District Court for the Western District of Pennsylvania. "It is a well-

---

[3] Plaintiff has not explained how any named Defendant was personally involved in any violation of any of his civil rights, as he must in order to state a claim. *See generally, Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). The closest Plaintiff comes to making a factual allegation against any Defendant is Elizabeth Hirz and she is shielded by prosecutorial immunity.

4

settled principle of law that judges are generally immune from a suit for money damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." *Id.* at 356. *See also Seigert v. Gilley*, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *In Re Montgomery County*, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial.").

Judicial immunity can only be overcome if the judge's actions are "nonjudicial in nature, or where such actions, while judicial in nature, are taken in the complete absence of all jurisdiction." *VanTassel v. Lawrence County Domestic Relations Section*, 659 F.Supp.2d 672, 695 (W.D. Pa. 2009). Mr. Lilley's allegations expressly concern actions taken by Judge Hornak. The alleged actions are fundamental judicial acts that fall squarely within the jurisdiction of a United States District Judge. Accordingly, Mr. Lilley cannot state a claim against this Defendant.

*Attorney Oberlander*

The only identifying information about Defendant Attorney Oberlander is in the original complaint and he is identified solely as "Federal Prosecution." Oberlander is not mentioned in any of Plaintiff's other filings and is only listed as a Defendant in the original complaint without any factual allegation.

5

To the extent that Attorney Oberlander is a prosecuting attorney, he, like co-defendant Elizabeth Hirz, is entitled to absolute prosecutorial immunity. If, on the other hand, Attorney Oberlander is a private attorney, he is not a state actor for purposes of § 1983 liability. In either event, Plaintiff cannot state a claim against this Defendant.

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (32d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.*, 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008). Because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional or statutory violation based on any of the factual statements in any of his filings, leave to amend is futile.

An appropriate Order follows this Memorandum Opinion.